IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICKI L. HIGGINS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-cv-00521 |
| | ) | |
| **TARGET CORPORATION, et al.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM ORDER**

Plaintiff Vicki L Higgins ("Plaintiff") filed a second amended complaint (ECF No. 18). Defendant Target Corporation ("Defendant") in response filed a motion to dismiss that complaint (ECF No. 20), arguing that Plaintiff failed to state a claim upon which relief can be granted. On November 9, 2011, a hearing was held on the motion to dismiss. At the hearing the court advised the parties it intended to grant the motion without prejudice for the reasons set forth below and as more fully set forth on the record.

Plaintiff's complaint consists of a single claim, alleging that Defendant engaged in mail and wire fraud in violation of the civil RICO statute, 18 U.S.C. § 1962(c). When alleging a RICO violation for mail or wire fraud, a plaintiff must establish: "(1) the existence of a scheme to defraud; (2) the participation by the defendant in the particular scheme with the specific intent to defraud; and (3) the use of the United States mail or of wire communications in furtherance of the fraudulent scheme." *United States v. Syme*, 276 F.3d 131, 142 n.3 (3d Cir. 2002). Under Rule 9(b) of the Federal Rules of Civil Procedure, when a party alleges fraud or mistake, they

must "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The particularity requirement of Rule 9(b), as interpreted by the federal courts, is a demanding one since it requires that allegations of fraud "give rise to a strong inference of fraudulent intent . . . [also known as] . . . the *scienter* element." PAUL A. BATISTA, CIVIL RICO PRACTICE MANUAL § 3.37[B] (3d ed. 2011) (citing *Moore v. Paine Webber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999)).

Plaintiff alleged that Defendant engaged in mail and wire fraud by filing false affidavits in connection with lawsuits wherein defendant sought the collection of overdue credit card debt. (Second Am. Compl. ¶¶ 26, 33-4.) The court reviewed the allegations in the second amended complaint and concluded that Plaintiff failed to allege with particularity sufficient facts for the court to infer that Defendant intentionally committed fraudulent acts, as is required by Rule 9(b). FED. R. CIV. P. 9(b). Plaintiff also failed to plead sufficient facts from which the court could infer that Defendant intentionally engaged in a scheme to defraud, as required by 18 U.S.C. § 1962(c). Due to Plaintiff's inadequate pleadings, the court could not conclude that there was a plausible civil RICO claim stated in the complaint. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009); <u>Bell Atlantic Corp. v. Twombly</u>., 550 U.S. 544 (2007).

It is hereby ORDERED that the motion to dismiss (ECF No. 20) is granted without prejudice. Plaintiff may file an amended complaint to comply with the requirements of Rule 9(b). Failure to file an amended complaint before January 9, 2012 will be deemed a consent to dismissal with prejudice.

**SO ORDERED** this 17th day of November, 2011.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge